## SHIELDS v. McCANDLISH.

(Circuit Court, N. D. Georgia. March 23, 1896.)

1. EQUITY—RESCISSION OF CONTRACTS—ADEQUATE REMEDY AT LAW.

Complainant alleged in her bill that defendant had been guilty of certain frauds and misrepresentations in regard to the investment of a sum of $1,800, intrusted to him by complainant, and which he had invested in a bond and mortgage which he transferred to her. She also alleged that, after such investment, she had been obliged to expend $374 in litigation

over the investment, and in insurance on the property, and prayed that the transaction might be rescinded, and defendant decreed to refund to her the $1,800 and the $374. *Held*, that the bill stated merely a right of action at law against defendant for misapplication of complainant's funds, and was not within the jurisdiction of equity.

2. FEDERAL COURTS—JURISDICTION—AMOUNT IN DISPUTE.

It seems that, even if a case were made for the rescission of the original transaction, the United States circuit court would have no jurisdiction, as the $374 subsequent expenses could not be added to the $1,800, to make the jurisdictional amount.

Wharton O. Wilson, for complainant.
Clay & Blair, for defendant.

NEWMAN, District Judge. The bill filed by the complainant, Mrs. Lizzie A. Shields, shows that the defendant, Charles S. McCandlish, is a relative of hers; that, he being a man of wide business experience, etc., she placed implicit confidence in his integrity, ability, etc., as a business man; that he lived in Marietta, Cobb county, Ga.; that in the early part of 1892 she had a loan of $1,800 maturing, which loan had been previously made for her by McCandlish, and that she asked him, as her agent, to make some reinvestment of the same, that it be made in the vicinity of Marietta, Ga., where he lived, and where it could be under his supervision, and that it should bear interest at 7 per cent.; that McCandlish allowed the parties who owed the loan to anticipate the payment of the same by several months, and that he collected the same; that he made a pretended purchase for her of an interest in a certain bond and mortgage to secure it, on land in the state of Washington. There are several charges of fraud in connection with the transaction, as to misrepresentation of the rate of interest, as to the amount really paid, and as to the rank of the lien of the mortgage. The general ground of complaint is the improper investment of the money of complainant by defendant. It seems from the bill that the complainant, at one time, whether she approved it or not, accepted the transfer by McCandlish to her of the interest in the bond and mortgage; and she sets forth in her bill that, by his advice, she expended some $374.15 in keeping up the insurance on the house situated on the property, and employing an attorney to go to Spokane Falls, Wash., to represent her interest in certain litigation in connection with the property, and in paying off a prior mortgage, and in other counsel fees. The prayer of the bill is for a rescission of the transaction, the exact language of the prayer being:

"That the said transaction be rescinded and canceled, and that the court, by its decree, order the said McCandlish to refund to your oratrix the aforesaid sums of $1,800, principal invested, and $374.15, expended in protecting her interest in said investment, with legal interest."

In the first place, it may be said as to this case that the amount involved in the original transaction which complainant seeks to rescind and to cancel is only $1,800, which would be insufficient to give this court jurisdiction. The effort is to add to that $374.15, the amount expended by complainant in connection with the property since the trade. If complainant has any right as to the latter, it

would seem to be such a right as must be enforced by an action at law, and that it cannot properly be added to the $1,800, for the purpose of making the jurisdictional amount. It would seem, therefore, that this court would be without jurisdiction, on account of the insufficiency of the amount involved. But, even if this is not true, it is not believed that the bill presents a case for equitable relief. The complainant may, on the facts alleged in her bill, have a case against the defendant; but, if she has, it is a case at law, and not cognizable in a court of equity. The cases cited by counsel for complainant—Kilbourn v. Sunderland, 130 U. S. 505, 9 Sup. Ct. 594, and Tyler v. Savage, 143 U. S. 79, 12 Sup. Ct. 340—do not support this contention. In each case much clearer grounds for equitable jurisdiction are shown than exist here. While the cancellation and rescission of fraudulent contracts would, in a proper case, be ground for equitable cognizance, it should present a different state of facts from that shown here. The case of Buzard v. Houston, 119 U. S. 347, 7 Sup. Ct. 249, lays down the rule which appears to be applicable to this case; and the facts here seem to fall within it rather than the cases above referred to, cited by counsel for complainant.

But how can this contract be rescinded by this court? According to the bill, the money of complainant was invested in a mortgage on land in the state of Washington. Neither the mortgagor nor any of the other parties to that transaction, except her agent, McCandlish, are brought before the court. The contract by which her money was invested in this bond and mortgage very clearly cannot be rescinded, as the case now stands. McCandlish simply transferred to her or delivered to her the securities in which he had invested her money. If the prayer that the transaction be set aside refers to the transfer from McCandlish to complainant, it shows how simple the matter is, and makes it clear that her rights can be enforced at law, and that a case is not made for a court of equity. It is quite plain that she has merely a money demand against McCandlish for misapplication of her funds in his hands, which she can enforce by a proper action in a court of law.

The demurrer must be sustained, and the case dismissed.